GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LIMITED, *v.* HARRIS.

[78 South. 778, Division A.]

INSURANCE. *Future recovery. Mistake.*

Under an accident insurance policy providing that, for total disability, insured was to be paid at a certain rate per month, but that payment of anything was not due until final proof of total disability, where insured believing that he had practically recovered together with his physician so reported to the company and the report of himself and his attending surgeon were accepted by the company as being correct, and settlement in full made accordingly and insured signed a release to that effect, in such case there could be no recovery for future consequences of the injury; the only mistake at all being as to the extent of the duration of insured's disability.

APPEAL from the chancery court of Lawrence county. HON. D. M. RUSSEL, Chancellor.

Bill by Cecil A. Harris against the General Accident, Fire & Life Assurance Corporation, Limited. From a decree for complainant, defendant appeals. The facts are fully stated in the opinion of the court.

*Fred M. Bush,* for appellant.

The question largely before this court is whether or not the release heretofore referred to bars the appellee from recovery. It is our contention that it does. The policy of this court, as we understand it, as to setting aside a release of this sort, is clearly announced in the case of *A. & V. R. R. Co.* v. *Turnbull,* 71 Miss. 1029, 16 So. 346. In that case, it will be recalled that Turnbull accepted a settlement from the company for an injury inflicted by said company on the advice of the physician for the railroad company. It afterwards developed that the injury was worse than Turnbull believed according to the statement of said physician at the time he accepted the settlement; so he brought suit and asked that the release previously signed be set aside. The court refused to do so on the ground that there was no fraud shown. The doctrine as it pertains to this provision, is so clearly announced in this case that we do not think it necessary to cite further authority on this point. It is true that the Turnbull case is based on tort, while the case at bar is based on contract, but nowhere have we been able to find where a distinction is drawn between the two insofar as they are affected by a release. *Kate L. Wood, Admns.* v. *Mass. Mutual Accident Insurance Co.,* 174 Mass. 217.

In *Nelson* v. *Minn. Street Railway,* 61 Minn. 167, where a release of a claim for damages was signed by the plaintiff on the assurance of the defendant's physician that the injuries were temporary, it was

held that she could not avoid the release on the grounds that the physician was mistaken.

Paragraph O of the policy, on page 19 of the record makes it a condition precedent to recovery, that the appellant should be furnished every thirty days with a written report as to appellee's condition. So far as we have been able to find, where a condition precedent to recovery is provided by an insurance policy and it is not in violation of public policy or arbitrary, it has been practically universally upheld by the court. (1 Cyc., p. 279, XVI-A).

This is not a case where a release will be avoided on the ground of mistake. If it was a mistake at all, it was a unilateral mistake, for the company had nothing to do with ascertaining appellee's condition, but relied entirely on the statement of the physician of Mr. Harris's own choosing.

*Jones & Lee,* for appellee.

We are first called on to discuss the question of the validity of the release relied on by appellant as a bar to recovery of appellee of any further amounts accruing after the execution of said release. We most earnestly submit that said release was absolutely void for the following reasons, First: It was obtained when both parties were laboring under a mistake of fact; both parties thought at the time, that appellee had recovered from an injury caused by a dislocation, when in fact, as shown by the record he will never recover from the injury on which this suit is based. And both parties thought at the time that three months' total disability, was the extent of the disability of appellee; neither party had in mind the period of disability that appellee was to suffer after the execution of the release. Appellee acting from the advice and erroneous diagnosis of the physician, filed a claim for the disability accrued three months, and appellant acting on the information

thus furnished it, paid the exact sum called for. From whom did appellee get his information? His physician. Was the information correct? Manifestly it. was not, and therefore appellee, not having the true extent of his disability in mind at the time, most assuredly could not have correctly advised appellant.

And we contend from the foregoing statements, that this mistake was a mutual mistake, and not a unilateral mistake as is contended by appellant. We further contend that appellant had no other thought in mind at the time of the execution of this release except to pay appellee an ascertained sum found to be due him for three months total disability. And that appellee had the same end in view. But it is manifest from the record of this case, that said release was executed under a mistake of fact, and on this subject we cite 6 Thompson on Negligence, paragraph 7378, wherein it is held, etc. "It is further held that a release may be set aside on the grounds of mistake (emphasis ours) either of law or of fact; and the general rule that the mistake must be a mutual one is not of universal application. (Emphasis ours). If the mistake is of so fundamental a character that the minds of the parties did not meet in the transaction, or an unconscionable advantage has been gained by one party over another, by mere mistake, and there was no negligence on the part of the plaintiff, equity will interfere to prevent injustice."

And the courts of this state have closely followed the above rule especially where a mistake is so apparent as this record discloses.

We now pass to the second ground on which we challenge the validity of the release in question, to wit: second, the total failure, or lack of any consideration whatever, to support a valid release. And in our judgment this is the question to a great extent on which this case turns. It is a well-defined policy of the law,

and is too well settled for much discussion, that a release like other contracts must be based on a valid consideration and we submit that appellant has never shown nor attempted to show the existence of any sort of consideration supporting the release relied on.

See 6 Thompson on Negligence (2 Ed.), paragraph 7370. In a release as in other contracts, the contracts of release to be valid must be based upon a legal and valid consideration . . . and it has been held that a contract of release of damages where an employee received of his employer only the wages to which he was indisputably entitled is void. Citing *Carlton* v. *Western R. R. Co.,* 81 Ga. 531, *Winter* v. *Kansas City Cable Ry. Co.,* 160 Mo. 159; 1 Corpus Juris., paragraph 209; *Sheanon* v. *Pacific Mutual Life Ins. Co.,* 83 Wis. 507.

And in conclusion we say that the release on which appellee relies on is utterly void, for the total failure of any consideration and the further fact that it was executed and delivered under a mistake of fact, and that appellant fully and completely waived all rights that it may have asserted originally under paragraph O of the policy sued on when it denied liability as above stated; and we therefore most earnestly contend that the decree of the court below was sound, and that it should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellee, Cecil A. Harris, sustained an injury to his left thigh on December 24, 1913. This injury is described in the surgeon's statement of it, as a "dislocation and fracture of left thigh (hip joint)." At the time of this injury he had an accident policy in the appellant insurance company which provided, among other things, that for a total disability resulting from an accident of this character the company would pay the insured at the rate of twenty dollars a month

for a period not exceeding twenty-four months. Under the terms and provisions of this policy this premium or amount was not due until after the final proofs of disability had been submitted to the company, and the company had had a reasonable time to investigate and pay the same. Mr. Harris during his disability was treated by a physician of his own selection, who was in no way connected with the appellant insurance company. On April 2, 1914, Mr. Harris submitted his final report of his accident under the policy. As a part of this report was a statement signed by his physician or surgeon describing his injuries as above set out. This statement of the surgeon further says that he (appellee) was able to resume part of his work on March 25th, and all of his work on April 1st. In other words, he was partially recovered on March 25th, and entirely recovered on April 1st, the day the statement was signed. This surgeon's certificate is signed, "W. H. Williams, M. D., Attending Surgeon," and dated April 1, 1914. Mr. Harris in his individual statement described his injury as "dislocated hip," and that that leg is three-fourths of an inch shorter than the other. He further states that he has done nothing but light work, which he commenced to do on March 25, 1914. Upon this final proof of disability the appellant insurance company made a settlement in full with Mr. Harris for the injury sustained by him above mentioned for the amount of sixty dollars. Mr. Harris duly signed a release to this effect. After this settlement was made Mr. Harris did not improve as rapidly as he had expected from the injury; in fact, was unable to do any work, or any appreciable amount of work, for about two years, and is probably permanently disabled from the injury. After the final settlement was made with the company, no further reports showing how he was getting along, which are required to be made under the terms of the policy, were made to

the company. In fact, Mr. Harris, as well as the company, for some time acted as if he had made a settlement in full for all his injuries with the company. Some time after, he discovered that he was more severely injured than he thought at the time he made the settlement; he was examined by other physicians and an X-ray was made of his injury, which showed a more severe injury than perhaps Mr. Harris thought at the time he made the settlement. After this examination, Mr. Harris reported the fact to the local agent of the company in his home town. Nothing further was done by him until he filed his bill of complaint in the chancery court of Lawrence county in December, 1915. In this bill he states that at the time he made the settlement he was mistaken as to the character, nature, and extent of his injury; that he had been informed by his physician that his disability would not extend beyond a period of three months. He asks that this release be rescinded and canceled, and that he be allowed to recover for a total disability of twenty-four months at the rate of twenty dollars a month. Upon the foregoing facts the chancellor sustained the prayer of a bill and rendered a decree in complainant's favor accordingly, from which decree this appeal is prosecuted.

It is contended by the appellee, Harris, that he is entitled to have the release set aside because at the time it was executed, first, there was a mutual mistake of fact upon his part and that of the company as to the nature, character, and extent of his injury; second, if not a mutual mistake, it was at least a mistake upon his part; third, that at the time of making the settlement under the policy he was already entitled to the sixty dollars for which he settled, consequently there was no consideration for a release in full by him under the policy, but that the consideration only related to the three months he had already been totally disabled. The policy in this case provides that

for total ·disability the insured is to be paid at the rate of twenty dollars per month, but this payment is not due until final proof of total disability has been made. In other words, no amount whatever was due Mr. Harris under the policy until the final proof of total disability was made. Had he desired to wait until he was sure of the extent of his injuries under this policy, he would have waited for a period of twenty-four months, when he would have been entitled to a settlement at the rate of twenty dollars a month for twenty-four months. He evidently thought, however, that he had practically recovered at the end of three months, and he and his physician so reported the fact to the company, and made a claim for only ·sixty dollars for the injury. It is his contention that at this time he was mistaken as to ·the nature and extent of his injuries; that he thought his hip was only ·dislocated. The accompanying statement of his surgeon, however, shows that his hip was both dislocated and fractured, and this appears to have been the true state of the case. He must have been .mistaken of course as to the extent of his, disability. At the time he made the settlement he thought he had practically recovered. In this he was evidently mistaken. There was no fraud or misrepresentations whatever to him on the part of the appellant company. In fact, he was never examined by a surgeon of the company. The reports of himself and his attending surgeon were accepted by the company as being correct, and a settlement made with him according to his claim. In the statement of his surgeon, the nature and extent of his injuries are described as a fracture and dislocation. This the appellee certainly knew. The only mistake at all was as to the extent of the duration of his disability.

We have examined carefully the authorities cited in the briefs of the appellant and appellee, and we find

no well-considered cases that support the contention of appellee that under this statement of facts a court of equity should set aside a settlement duly entered into between the parties. The appellee, among other authorities, cites 6 Thompson on Negligence, par. 7378, as sustaining his contention that the release should be set aside because of a mistake of fact as to the nature and extent of the injuries of the appellee. It will be found from an examination of this section, however, and the authorities cited thereunder, that when the mistake is a mere matter of opinion, as it. was in this case, as to the length of time the injured party would be disabled, and no fraud or misrepresentations were practiced upon him by the other party, the release will not be set aside. The contentions of the appellee in this case have already been adversely decided in the case of *Railway Co.* v. *Turnbull*, 71 Miss. 1029, 16 So. 346. In the Turnbull Case the settlement was made upon the representations of the attending physician, who was a surgeon of the railway company. These representations were made in good faith as to the extent of Turnbull's injuries, but the physician was honestly mistaken in them. Acting upon these representations Turnbull settled for a very small amount, not at all commensurate with the injury. The court in that case in part says:

"It was, however, the expression of an opinion only —an opinion, in our judgment, reasonably founded upon the then existing conditions. It turns out that the unhappy man's injuries were lasting and very much more serious than was then supposed; but we are not to pass upon the then apparent state of the hurt in the light of the after developments of the case. The most learned and accomplished man in the medical and surgical ranks makes no pretense to pierce the darkness of futurity and foretell its secrets. He looks at what is before him and judges for the present, just as:

do all others. The opinion of the physician in this instance was an honest one, a reasonable one, a just one as the case then stood. . . . Hard as the appellee's case appears to be, we cannot open the door to unsettle the faith of men dealing with each other in the binding force of contracts solemnly entered into, by avoiding the effect of this release upon the wholly unsatisfactory evidence of fraud or misrepresentation found in appellee's testimony.''

In the case under consideration there was no contention of fraud or misrepresentations, but merely of a mistake. The mistake of the appellee, however, in this case was no more than the mistake of Turnbull in the above case. The rule is well stated in volume 1, Corpus Juris, p. 481, section 209, under the head of Accident Insurance:

''A release of all claims on account of an injury received, made by insured in the belief, induced by honest representations of his own and the insurer's physician that he has fully recovered from the injury, bars any recovery for a further loss of time or death resulting from the same injury, on either the original or a substituted policy.''

The case of *Wood, Adm'x* v. *Insurance Co.*, 174 Mass. 217, 54 N. E. 541, is also in point.

The consideration for this settlement was the payment of the money within a reasonable time after the final proofs of loss had been made to the company. The appellee had a right to make a settlement at that time, and having made it he took his chances as to his future physical condition. He was paid every cent he asked, upon final proofs of loss made by himself and his physician, and he cannot now complain that he was mistaken as to the extent of his disability.

It follows that the lower court erred, and that the decree will be reversed, and the bill dismissed.

*Reversed.*